**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jennifer Mathis, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| Symetria Health of Texas, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

AND NOW COMES Plaintiff Jennifer Mathis ("Plaintiff," "Ms. Mathis,") individually by and through the undersigned counsel, and brings this Complaint seeking legal and equitable relief for retaliation, hostile work environment, and wrongful termination against Defendant Symetria Health of Texas, LLC ("Symetria" or "Defendant") in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §1981 ("1981") and pendent state law claims arising under the provisions of the Texas Commission on Human Rights Act ("TCHRA") stating as follows:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  This action is authorized and instituted pursuant to the Title VII, 1981, and the TCHRA.

2.     The unlawful employment practices and harassment were committed by Defendant in or around Cypress, Texas, where Plaintiff worked for Defendant as a Licensed Vocational Nurse ("LVN"). Therefore, the United States District Court for the Southern District of Texas is the proper venue for the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391(b).

1

3. Plaintiff timely exhausted all administrative remedies by filing Charge Number 460-2025-05000 on March 14, 2025, with the United States Equal Employment Opportunity Commission ("EEOC") after Ms. Mathis was wrongfully terminated on January 15, 2025, by Symetria. Plaintiff's Charge was dual timely filed with the Texas Workforce Commission and is incorporated by reference as if fully set forth herein. On February 9, 2026, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue letter (the "Right to Sue letter") advising the right to bring this action. Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

4. At all relevant times, Defendant was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), § 1981, and the TCHRA, and employed more than fifteen employees.

## PARTIES

5. Plaintiff Jennifer Mathis can be found at 20314 Fossil Valley Lane Cypress Texas 77433.

6. At all relevant times, Defendant Symetria was and is a foreign for-profit limited liability company operating in and under the laws of Texas. Symetria's registered agent, C T Corporation System, can be served at 1999 Bryan St., Ste. 900, Dallas, TX, 75201-3136, USA. Symetria is located in Texas.

## FACTS

7. Symetria hired Ms. Mathis as an LVN on June 10, 2024, until her wrongful termination on January 10, 2025.

8. Ms. Mathis handled flexible staffing support across multiple Houston clinics by delivering direct patient care, administering medications, maintaining accurate documentation, and

collaborating with healthcare teams—all while adapting to each clinic's workflows and patient needs. By all objective accounts, her performance was satisfactory.

9. Ms. Mathis began working at the Jersey Village clinic—her designated "home location"—on June 10, 2024. From the outset, she demonstrated excellent work ethic, professionalism, and adaptability.

10. Text messages between Ms. Mathis and her supervisors—such as Valerie Williams (Program Director) and Elod Shkurti (Regional Director)—reflect that Ms. Mathis was frequently commended for her hard work and upbeat attitude. Indeed, Ms. Mathis shared with Ms. Williams her desire for Symetria to be her "last job" until retirement, underscoring her loyalty to the company.

11. On or about July 30, 2024, Ms. Williams suggested that Ms. Mathis begin covering additional clinics (Spring and College Station), a request Ms. Mathis accommodated willingly. Moreover, Ms. Mathis was tasked with training other employees during her tenure with the company.

12. Despite Ms. Mathis' strong performance, she was subjected to hostility from a colleague identified as Jennifer York. This hostility included Ms. York's unauthorized access to patient charts under Ms. Mathis's login, as well as frequent temper outbursts. Ms. Mathis reported these issues to both Ms. Williams and Mr. Shkurti, detailing the daily harassment and her concerns about potential sabotage.

13. By August 29, 2024, Ms. Mathis had emailed Tracy Robinson (Human Resources), Ms. Williams, and Mr. Shkurti, describing the toxic environment and the toll it was taking on her health—including an anxiety attack that led her to seek emergency medical care. Management did

3

not remedy the situation, instead indicating that Ms. Mathis should find her own means to manage Ms. York's conduct.

14. As a short-term solution, Symetria transferred Ms. Mathis to its Spring clinic, though she remained assigned to Jersey Village as her "home location."

15. Almost immediately, Ms. Mathis encountered racist behavior from a colleague, Mr. Mark Kakos. He made comments about the Black patients. For example, he said, "You know how they are." In regard to a Black patient asking for medication after the death of a family member. She reported to Human Resources that he would treat Black patients differently. For Example, there was a policy that patients were not supposed to take prescribed medication out of town. Mr. Kakos consistently allowed white patients to do so and did not allow or provide permission for Black patients to do so. A month before Plaintiff's termination Mr. Kakos was instrumental in the termination of a Black nurse that was replaced by a white male nurse. Plaintiff was also terminated and replaced with a white female nurse.  Plaintiff observed that multiple Black nurses were terminated and replaced by white nurses. Moreover, his disdain for Black nurses was revealed in that he often refused to speak Plaintiff and other Black nurses, but he would speak with the white nurses. These comments and actions occurred repeatedly during Plaintiff's assignment at the Spring clinic and were part of an ongoing pattern of conduct. Plaintiff expressly complained to Human Resources that this conduct constituted race discrimination, including differential treatment of Black patients and Black nurses.

16. She engaged in protected activity and reported these concerns to Gregory Dargin, RN, who brought them to Ms. Robinson in HR; however, no meaningful investigation followed.

17. Ms. Robinson dismissed Ms. Mathis's verbal and written reports by suggesting that Mr. Kakos was merely "different," effectively ignoring her legitimate complaints. The

4

environment was so hostile that two other nurses—Brittanee Modsette and Wesley Johnson—resigned, citing Mr. Kakos's conduct as a key factor. Ms. Mathis nevertheless continued to perform diligently, covering shifts as needed and assisting the clinic's operations.

18.    Despite the discriminatory environment, Ms. Mathis consistently received positive feedback from staff and management. Messages from individuals such as Carla Collier confirm that Ms. Mathis was recognized as an "amazing nurse" who worked tirelessly to keep clinics functioning.

19.    Ms. Mathis's December 2024 paystub further demonstrates her consistent employment and willingness to take on extra responsibilities. During this same period, Ms. Mathis trained two new nurses, Arthur Hall and Olivia Patterson, to ensure adequate staffing at the Spring location. Instead of being commended for her efforts, Ms. Mathis was placed on a Performance Improvement Plan (PIP) without any clear explanation—occurring soon after she raised repeated complaints in November of racism, and hostile working conditions. Defendant's decisionmakers, including Ms. Williams, Mr. Shkurti, and Human Resources, were aware of Plaintiff's complaints prior to placing her on a PIP and terminating her employment.

20.    On or around January 15, 2025, Symetria terminated Ms. Mathis's employment, ostensibly citing a "violation of company policy," yet refusing to specify which policy was violated. This citation merely served as pretext to justify the abrupt dismissal that came on the heels of Ms. Mathis's ongoing reports of racial discriminatory behavior and her recent communications about workplace hostility. Ms. Mathis' termination was motivated by retaliation for her protected complaints rather than any legitimate performance issue.

21.    During the same time period, similarly situated non-Black employees engaged in comparable or more serious conduct involving medication handling and use of login credentials

but were not terminated. For example, Arthur Hall, a white male Licensed Vocational Nurse, who had the same title/position as plaintiff, whom Plaintiff was responsible for training, utilized Plaintiff's login credentials and was involved in handling medications under Plaintiff's credentials. Despite this conduct, Mr. Hall was not terminated.

22.    Additionally, Plaintiff observed and reported that other employees, including Caucasian staff members, engaged in the sharing and use of login credentials and committed medication-related errors but were subjected to lesser forms of discipline, such as written warnings, rather than termination. Plaintiff observed and reported incidents in which employees mishandled medications, including discrepancies in pill counts, yet those employees were retained.

23.    In contrast, Defendant terminated Plaintiff's employment for an alleged violation of company policy related to medication handling and login credentials, without identifying the specific policy violated, and without imposing comparable discipline on similarly situated non-Black employees.

24.    On February 9, 2026, Ms. Mathis received her Notice of Right to Sue from the United States Equal Employment Opportunity Commission.

25.    All administrative remedies have been exhausted.

**COUNT I**
*Jennifer Mathis v. Symetria Health of Texas, LLC*
**TITLE VII – RACE DISCRIMINATION**

26.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

27.    Plaintiff is a member of a protected class based on her race.

28.    Plaintiff was qualified for her position as a Licensed Vocational Nurse and performed her job duties in a satisfactory manner throughout her employment.

29.     Plaintiff suffered an adverse employment action when Defendant subjected her to unwarranted disciplinary action, including placement on a Performance Improvement Plan, and ultimately terminated her employment.

30.     At all relevant times, Plaintiff was treated less favorably than similarly situated employees outside of her protected class. Defendant tolerated and failed to correct workplace misconduct by non-Black employees, including employees who engaged in comparable or more serious conduct involving medication handling and use of login credentials, yet were not terminated.

31.     Defendant's stated reasons for its actions were not the true reasons for Plaintiff's treatment but were instead a pretext for discrimination. Defendant failed to meaningfully investigate Plaintiff's complaints, dismissed her concerns regarding workplace conduct, and then imposed discipline shortly after Plaintiff raised those concerns.

32.     Plaintiff's race was a motivating factor in Defendant's decision to subject her to adverse employment actions, including the decision to terminate her employment.

33.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages, lost employment benefits, and other compensatory damages.

34.     Defendant's actions were intentional and carried out with malice or reckless indifference to Plaintiff's federally protected rights.

35.     WHEREFORE, Plaintiff seeks the damages set forth in the ad damnum clause of this Complaint, infra.

**COUNT II**
*Jennifer Mathis v. Symetria Health of Texas, LLC*
**§1981 – RACE DISCRIMINATION**

7

36.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

37.     Plaintiff is a member of a protected class based on her race.

38.     Plaintiff was qualified for her position as a Licensed Vocational Nurse and performed her job duties in a satisfactory manner throughout her employment.

39.     Plaintiff suffered an adverse employment action when Defendant subjected her to unwarranted disciplinary action, including placement on a Performance Improvement Plan, and ultimately terminated her employment.

40.     At all relevant times, Plaintiff was treated less favorably than similarly situated employees outside of her protected class. Defendant tolerated and failed to correct workplace misconduct by non-Black employees, including employees who engaged in comparable or more serious conduct involving medication handling and use of login credentials, yet were not terminated.

41.     Defendant's stated reasons for its actions were not the true reasons for Plaintiff's treatment but were instead a pretext for discrimination. Defendant failed to meaningfully investigate Plaintiff's complaints, dismissed her concerns regarding workplace conduct, and then imposed discipline shortly after Plaintiff raised those concerns.

42.     But for Plaintiff's race, Defendant would not have subjected Plaintiff to the adverse employment actions described above, including her termination.

43.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages, lost employment benefits, and other compensatory damages.

44. Defendant's actions were intentional and carried out with malice or reckless indifference to Plaintiff's federally protected rights.

45. WHEREFORE, Plaintiff seeks the damages set forth in the ad damnum clause of this Complaint, infra.

## COUNT III
### *Jennifer Mathis v. Symetria Health of Texas, LLC*
### TITLE VII – RETALIATION

46. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

47. Plaintiff engaged in protected activity when she complained to management and Human Resources about race-based discrimination, harassment, and hostile working conditions.

48. Defendant was aware of Plaintiff's protected activity.

49. Following Plaintiff's complaints, Defendant subjected Plaintiff to adverse employment actions, including placement on a Performance Improvement Plan and termination of her employment.

50. The adverse employment actions occurred in close temporal proximity to Plaintiff's protected activity.

51. At all relevant times, Plaintiff was treated less favorably than similarly situated employees who did not engage in protected activity.

52. Defendant's stated reasons for its actions were not the true reasons for Plaintiff's treatment but were instead a pretext for retaliation.

53. Defendant's actions would not have occurred but for Plaintiff's protected activity.

54.    As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost employment benefits, and other compensatory damages.

55.    Defendant's actions were intentional and carried out with malice or reckless indifference to Plaintiff's federally protected rights.

56.    WHEREFORE, Plaintiff seeks the damages set forth in the ad damnum clause of this Complaint, infra.

## COUNT IV
### *Jennifer Mathis v. Symetria Health of Texas, LLC*
### §1981 – RETALIATION

57.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

58.    Plaintiff engaged in protected activity by complaining to management and Human Resources about race-based discrimination, harassment, and hostile working conditions.

59.    Defendant was aware of Plaintiff's protected activity.

60.    Following Plaintiff's complaints, Defendant subjected Plaintiff to adverse employment actions, including placement on a Performance Improvement Plan and termination of her employment.

61.    The adverse employment actions occurred in close temporal proximity to Plaintiff's protected activity.

62.    At all relevant times, Plaintiff was treated less favorably than similarly situated employees who did not engage in protected activity.

63.    Defendant's stated reasons for its actions were not the true reasons for Plaintiff's treatment but were instead a pretext for retaliation.

64.     But for Plaintiff's protected activity opposing race-based discrimination, Defendant would not have subjected Plaintiff to the adverse employment actions described above, including her termination.

65.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost employment benefits, and other compensatory damages.

66.     Defendant's actions were intentional and carried out with malice or reckless indifference to Plaintiff's federally protected rights.

67.     WHEREFORE, Plaintiff seeks the damages set forth in the ad damnum clause of this Complaint, infra.

## COUNT V
### *Jennifer Mathis v. Symetria Health of Texas, LLC*
### TITLE VII & §1981 – HOSTILE WORK ENVIRONMENT

68.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

69.     Plaintiff is a member of a protected class based on her race.

70.     During her employment, Plaintiff was subjected to unwelcome conduct based on her race, including racially offensive comments and behavior by a coworker, which interfered with her ability to perform her job duties.

71.     The conduct described above was severe or pervasive, and it created an intimidating, hostile, and offensive working environment.

72.     Plaintiff reported the conduct to management and Human Resources.

73.     Defendant knew or should have known of the unlawful conduct but failed to take prompt and effective remedial action.

11

74. As a result of Defendant's failure to address the conduct, Plaintiff was required to continue working in a hostile environment, which negatively affected her health and well-being.

75. The hostile work environment was a motivating factor in Defendant's subsequent adverse employment actions against Plaintiff, including the imposition of discipline and termination.

76. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages, lost employment benefits, and other compensatory damages.

77. Defendant's actions were intentional and carried out with malice or reckless indifference to Plaintiff's federally protected rights.

78. WHEREFORE, Plaintiff seeks the damages set forth in the ad damnum clause of this Complaint, infra.

## COUNT VI
### *Jennifer Mathis v. Symetria Health of Texas, LLC*
**TCHRA – DISCRIMINATION, RETALIATION, AND WRONGFUL TERMINATION**

79. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

80. This is an action arising under the TCHRA, Texas Labor Code Chapter 21.

81. At all relevant times, Defendant was an employer within the meaning of Section 21.002(8) of the Texas Labor Code.

82. Plaintiff is a member of protected classes based on her race.

83. Plaintiff was qualified for her position and performed her job duties in a satisfactory manner throughout her employment.

84.     Defendant subjected Plaintiff to discrimination on the basis of her race, including disparate treatment, a hostile work environment, and termination of her employment.

85.     Plaintiff engaged in protected activity by complaining about discrimination, harassment, and hostile working conditions.

86.     Defendant was aware of Plaintiff's protected activity.

87.     Following Plaintiff's complaints, Defendant subjected Plaintiff to adverse employment actions, including placement on a Performance Improvement Plan and termination of her employment.

88.     Defendant's stated reasons for its actions were not the true reasons but were instead a pretext for unlawful discrimination and retaliation.

89.     Defendant's conduct would not have occurred but for Plaintiff's protected status and protected activity.

90.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages, lost employment benefits, emotional distress, and other compensatory damages.

91.     Defendant's actions were intentional and carried out with malice or reckless indifference to Plaintiff's protected rights under Texas law.

92.     WHEREFORE, Plaintiff seeks the damages, including punitive damages under the TCHRA, set forth in the ad damnum clause of this Complaint, infra.

### **PRAYER FOR RELIEF and DEMAND FOR JURY**

WHEREFORE, Plaintiff Jennifer Mathis respectfully requests that this Court enter judgment in her favor and against Defendant Symetria Health of Texas, LLC, and award the following relief:

a. Back pay, including lost wages, salary, bonuses, and employment benefits, together with pre-judgment interest;

b. Front pay or, in the alternative, reinstatement to her former position or a comparable position with full seniority, pay, and benefits;

c. Compensation for lost employment benefits, including but not limited to health insurance, retirement contributions, and other fringe benefits;

d. Compensatory damages for emotional distress, mental anguish, inconvenience, and loss of enjoyment of life resulting from Defendant's conduct;

e. Punitive damages to the extent permitted by Title VII and 42 U.S.C. § 1981, an amount sufficient to punish Defendant and deter similar conduct in the future;

f. All available damages under the Texas Commission on Human Rights Act;

g. Reasonable attorney's fees, costs of court, and expenses incurred in this action;

h. Pre-judgment and post-judgment interest as allowed by law;

i. Such equitable relief as may be appropriate to remedy the effects of Defendant's unlawful employment practices; and

j. All other relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Plaintiff hereby demands a trial by jury on all issues so triable.


Date:   March 19, 2026                                        Respectfully submitted,


                                                        */s/ Alvin Adjei*
                                                        Alvin Adjei
                                                        Texas Bar: 24082259
                                                        Federal Bar: 2985474
                                                        HKM Employment Attorneys LLP
                                                        1201 Fannin St., Suite 202
                                                        Houston, TX 77002
                                                        Telephone: 832-356-2684
                                                        Fax: 832-356-2684
                                                        aadjei@hkm.com
                                                        **ATTORNEY FOR PLAINTIFF**


14